NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILSON RICARDO CORTEZ-CASTRO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-1224 Agency No. A062-160-044 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2024**
Seattle, Washington

Before: HAWKINS, McKEOWN, and BRESS, Circuit Judges.

Wilson Ricardo Cortez-Castro, a native and citizen of El Salvador, seeks

review of the decision of the Board of Immigration Appeals ("BIA") affirming the

denial of Cortez-Castro's application for protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence the agency's determination of Cortez-Castro's eligibility for CAT protection. *Lalayan v. Garland*, 4 F.4th 822, 839–40 (9th Cir. 2021). Where, as here, the BIA adopts the decision of the immigration judge ("IJ") and adds its own reasoning, we review both decisions. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

The agency permissibly discounted the expert opinion of Susan Cruz, particularly her opinion regarding Cortez-Castro's fear of torture by gangs in El Salvador, because it was contradicted or outweighed by other record evidence. *See Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1157 (9th Cir. 2022). Indeed, Cruz's report does not acknowledge that the past threats Cortez-Castro received occurred in the United States, did not involve the threat of imminent harm, and did not recur after Cortez-Castro moved to another town in California, despite a large gang presence in that town. Contrary to Cortez-Castro's argument, the agency indicated that it considered Cruz's discussion of other country conditions evidence in conjunction with its review of the record as a whole.

Substantial evidence also supports the agency's determination that Cortez-Castro failed to show the requisite likelihood of torture to demonstrate eligibility for CAT protection. Given the localized nature of the threats Cortez-Castro received from his cousins in the United States, the evidence regarding those past threats does

not demonstrate an imminent risk of torture in El Salvador, and generalized evidence regarding gang violence in El Salvador is insufficient to demonstrate a particularized risk to Cortez-Castro. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Although the record indicates that arbitrary arrests have been carried out under El Salvador's *Regimen de Excepcion*, the record does not compel the conclusion that an individual with a non-gang-related criminal history and non-gang-related tattoos will more likely than not be detained and tortured in El Salvador. *See Ruiz-Colmenares*, 25 F.4th at 751–52. Accordingly, the agency did not err by denying Cortez-Castro's CAT claim.

**PETITION FOR REVIEW DENIED.**